<table>
<tr><td colspan="3" align="center">UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEVADA</td></tr>
<tr><td>Wells Fargo Bank, N.A.,<br><br>              Plaintiff,<br>vs.<br><br>Alireza Kaveh, *et al.*,<br><br>              Defendants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.: 2:13-cv-01472-GMN-NJK<br><br>**ORDER**</td></tr>
</table>

Pending before the Court is the Motion to Set Aside (ECF No. 20) filed by Defendant JPA Investments, LLC, to which Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") filed a Response (ECF No. 28), and Defendant filed a Reply (ECF No. 31).

Also before the Court is the Motion to Dismiss for Lack of Jurisdiction (ECF No. 23) filed by Defendants JPA Investments, LLC, Jocelyne Abrar, Ali Kaveh Sr., and Moulouk Kaveh.  Plaintiff filed a Response (ECF No. 28) and Defendants filed a Reply (ECF No. 32). Plaintiff also filed a Notice of Supplemental Authority (ECF No. 33).

## I.     BACKGROUND

Plaintiff is a national bank with its main office in South Dakota. (*See* Response to Mot. Dismiss, ECF No. 29; Notice of Supp. Authority, ECF No. 33.)  Plaintiff filed its Complaint (ECF No. 1) before this Court on August 16, 2013, alleging diversity jurisdiction.  On August 29, 2013, Plaintiff submitted five Proposed Summonses (ECF Nos. 6-10), and the Clerk of the Court issued the summonses the same day (ECF No. 11).

On September 30, 2013, Plaintiff filed three Proofs of Service for service upon Alireza Kaveh on September 12, 2013 (ECF No. 12), for service upon Moulouk Kaveh and Ali Kaveh on September 25, 2013 (ECF No. 14), and for service upon JPA Investments, LLC on September 13, 2013 (ECF No. 13).  Plaintiff did not provide Proof of Service upon Defendant

Jocelyne Abrar until October 21, 2013, at which time Plaintiff asserted service upon Jocelyne Abrar as of October 11, 2013. (ECF No. 22.)

Two days prior, on October 9, 2013, Plaintiff moved for entry of Clerk's Default against JPA Investments, LLC. (ECF No. 9.)  On October 15, 2013 the Clerk entered default (ECF No. 16), and later the same day, counsel for Defendants entered appearances. (ECF Nos. 17, 18.)

Because of the pending motions and the parties' stipulation (*see* Order on Stipulation, ECF No. 21), no answering pleadings have been filed, and discovery has not begun.

## II.   DISCUSSION

For the reasons discussed below, the Court finds good cause to grant the Motion to Set Aside (ECF No. 20), and to deny the Motion to Dismiss for Lack of Jurisdiction (ECF No. 23).

### A.   Motion to Dismiss for Lack of Jurisdiction

First, for the reasons discussed by Plaintiff in its Response (ECF No. 29) and particularly its Notice of Supplemental Authority (ECF No. 33), the Court finds good cause to deny the Motion to Dismiss for Lack of Jurisdiction (ECF No. 23). *See also Rouse v. Wachovia Mortg. FSB*, 747 F.3d 707, 708-715 (9th Cir. 2014).  Defendants provide no authority contradicting the proposition that Wells Fargo's main office is in South Dakota and that therefore there is complete diversity of citizenship between all parties to this action. *See id.* at 715 ("Wells Fargo is a citizen only of South Dakota, where its main office is located"). Accordingly, the Court agrees with Plaintiff that the motion must be denied.

### B.   Motion to Set Aside

Defendant JPA Investments, LLC, argues that the Clerk's Entry of Default (ECF No. 16) should be set aside, and that it should be allowed to proceed and to defend itself against Plaintiff's claims on the merits. (ECF No. 20.)  The Court agrees.

A Clerk's Entry of Default is governed by Rule 55 of the Federal Rules of Civil Procedure, which provides that "[w]hen a party against whom a judgment for affirmative relief

is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Under Rule 55, a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In the Ninth Circuit, to determine "good cause," courts must first consider whether any of the following factors is true: (1) the moving party engaged in culpable conduct that led to the default; (2) the moving party had no meritorious defense; or (3) setting aside the entry of default would prejudice the opposing party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. However, "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)). "'To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.'" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1095 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)).

Here, the Court has considered the following factors and concludes that none is true: (1) the moving party engaged in culpable conduct that led to the default; (2) the moving party had no meritorious defense; or (3) setting aside the entry of default would prejudice the opposing party. In fact, the Court finds that there is good cause for a decision on the merits, and that setting aside the judgment would not unfairly delay resolution of the case. Accordingly, the motion will be granted, and the Clerk's Entry of Default (ECF No. 16) will be set aside for good cause.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Set Aside (ECF No. 20) is **GRANTED**. The Clerk shall set aside the Entry of Default (ECF No. 16).

1  **IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 23) is **DENIED**.

2  **DATED** this 18th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court